IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

DANIEL ROMAN-PEREZ
CYNTHIA GONZALEZ-ARROYO

    Debtors

DANIEL ROMAN-PEREZ
CYNTHIA GONZALEZ-ARROYO
    Plaintiffs/Debtors

    vs.

OPERATING PARTNERS CO. LLC;
*ET AL.*

    Defendants

CASE NO. 13-10908 (ESL)

CHAPTER 13

ADV. PROC. NO. 14-00155 (ESL)

OPINION AND ORDER

This adversary proceeding is before the court upon the *Motion for Reconsideration* filed by the Plaintiffs (Docket No. 37) alleging that "the court overstepped its powers by denying [them] of a remedy that was never under the consideration of the court through the request for partial summary judgment filed by [them]" and that "[t]herefore, the plaintiffs have been deprived of seeking an award of the punitive damages without the opportunity of properly arguing and discussing its applicability to this case", which "violates plaintiffs['] most basically [*sic*] due process rights" (Docket No. 37, pp. 2-3, ¶ 5).

Because the *Motion for Reconsideration* was filed within 14 days[1] of the entry of the *Partial Judgement* (Docket No. 32), it will be considered under Fed. R. Civ. P. 59(e). See Acosta v. Reparto Saman Inc. (In re Acosta), 497 B.R. 25, 31 (Bankr. D.P.R. 2013), citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

In ¶ 29 of their *Motion for Partial Summary Judgment*, the Plaintiffs expressly requested as follows:

---

[1] See the most recently amended version of Fed. R. Bankr. P. 9023.

-1-

According to the facts proven in this complaint and the applicable law, [the Defendant] is liable … for the damages suffered, attorney fees, and punitive damages. Again, once this Honorable Court establishes liability through this partial summary judgment, plaintiffs will seek a hearing to award the damages, attorneys' fees and punitive damages claimed in the complaint since this court can take judicial notice of all of the complaint filed against [the Defendant] for its defiance in complying with the FDCPA.

Docket No. 15, pp. 10-11, ¶ 29.

Pursuant to such request, in Section D of the *Opinion and Order* (Docket No. 31, p. 18-19), the court analyzed the Defendant's liability for punitive damages, if any, as a matter of law under Section 362(k)(1) of the Bankruptcy Code and its applicable case law. The Plaintiffs' request for a hearing on damages was conditioned to a prior determination of liability. In the instant case, the court denied the Plaintiffs' request for a determination of the Defendant's liability for punitive damages under Section 362(k)(1) because they "have not alleged or demonstrated how or to what extent [the Defendant]'s conduct was intentionally unjustified, egregious, abusive, malicious and/or in bad faith. Although the court can presume the willfulness of the Defendant's violation of the automatic stay, Fleet Mortgage Group v. Kaneb, 196 F.3d at 269, it cannot presume its maliciousness or abuse based on the record of the instant case. Therefore, the Plaintiffs' request for punitive damages is hereby denied." *Opinion and Order*, Docket No. 31, p. 19, lines 17-22. In other words, the Plaintiffs failed to plead and/or establish the "appropriate circumstances" required in Section 362(k)(1) of the Bankruptcy Code for liability of punitive damages when they moved for partial summary judgment on that issue. Moreover, the facts in the instant adversary proceeding, as alleged in the *Complaint* (Docket No. 1) and the *Motion for Partial Summary Judgment* (Docket No. 15), are undisputed and established in the *Opinion and Order* (Docket No. 31, pp. 1-5). Under such facts, the court finds, as a matter of law, that the Defendants' actions do not meet the "appropriate circumstances" standard that warrant an award for punitive damages under Section 362(k)(1).

The court has authority to deny liability on such damages as a matter of law under Fed. R. Bankr. P. 56(g), applicable in adversary proceedings through Fed. R. Bankr. P. 7056. "The purpose of th[at] rule is twofold: to salvage some of the judicial effort involved in the denial of

a motion for summary judgment and to streamline the litigation process by narrowing the triable issues.'" D'Iorio v. Winebow, Inc., 2014 U.S. Dist. LEXIS 177464 at *51 (E.D.N.Y. 2014), quoting Guilani v. Bak (In re Bak), 2013 Bankr. LEXIS 713 at *9, 2013 WL 653073, at *3 (Bankr. D. Conn. 2013) (deeming established for the purposes of the trial in an adversary proceeding the legal framework of the case under Fed. R. Civ. P. 56(g)). The decision of the court to enter an order limiting relief under Fed. R. Civ. P. 56(g) "is a matter of discretion." In re Bak, 2013 Bankr. LEXIS 713 at **9-10. The Plaintiffs cannot allege at this juncture additional facts, not stated in the *Complaint*, in regards to the Defendant's liability for punitive damages. See *e.g.* Díaz Cruz v. P.R. Treasury Dep't (In re Díaz Cruz), 2013 Bankr. LEXIS 2615 at **15-20, 2013 WL 3153993 at *6 (Bankr. D.P.R. 2013); Bonenfant v. Kewer, 2007 U.S. Dist. LEXIS 64104 at*20, 2007 WL 2492030 at *6 (D. Conn. 2007) (refusing to address a claim that was "nowhere in [the] complaint" and raised for the first time in an opposition to a motion for summary judgment); Spann v. Word of Faith Christian Ctr. Church, 589 F. Supp. 2d 759, 771 n. 8 (S.D. Miss. 2008) (same); Roofers Local No. 20 Health & Welfare Fund v. Mem'l Hermann Hosp. Sys., 2007 U.S. Dist. LEXIS 34089 at *18, 2007 WL 1407058 at *6 (W.D. Mo. 2007) ("a party cannot amend its pleadings through its response to a motion for summary judgment"). A court can also grant a motion for summary judgment in favor of a non-movant party on legal grounds not raised by the parties, especially when the material facts are undisputed. See Fed. R. Civ. P. 56(f). Summary judgment can be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the ultimate burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996), the U.S. Court of Appeals for the First Circuit established two conditions on a grant of summary judgment on the court's initiative. First, "a [] court ordinarily may order summary judgment on its own initiative only when discovery is sufficiently advanced that the parties have enjoyed a reasonable opportunity to glean the material facts." Id. Second, "the court may enter summary judgment *sua sponte* only if it first gives the targeted party

appropriatenotice and a chance to present its evidence on the essential elements of the claim or defense." Id. Both requirements are met in the instant case considering that the Plaintiffs successfully established the material facts alleged in their *Complaint* and *Motion for Partial Summary Judgment*.

The Plaintiffs also aver that they "did not argued [*sic*] nor discussed [*sic*] the applicability of the punitive damages to their claim because it was not one of the remedies sought at that stage; the partial summary judgment stage." *Motion for Reconsideration*, Docket No. 37, p. 2, ¶ 3. Notwithstanding, ¶ 29 of their *Motion for Partial Summary Judgment*, *supra*, shows otherwise.

For the reasons stated above, the Plaintiffs' *Motion for Reconsideration* (Docket No. 37) is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of April, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge