IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 13-10908 (ESL) |
| DANIEL ROMAN-PEREZ CYNTHIA GONZALEZ-ARROYO | CHAPTER 13 |
| Debtors | |
| DANIEL ROMAN-PEREZ CYNTHIA GONZALEZ-ARROYO Plaintiffs/Debtors | ADV. PROC. NO. 14-00155 (ESL) |
| vs. | |
| OPERATING PARTNERS CO. LLC; *ET AL.* | |
| Defendants | |

OPINION AND ORDER

This case came before the court on January 28, 2016, for an evidentiary hearing to determine the damages to be awarded to Daniel Román-Pérez and Cynthia Gonzalez Arroyo (the "Debtors" or "Plantiffs") as a result of the violation of the automatic stay by Operating Partners Co. LLC (the "Defendant" or "Operating Partners"), as determined in the *Opinion and Order* and the *Partial Judgment* entered on April 6, 2015 (Docket Nos. 31 and 32). The Debtors testified under oath. The Defendant did not present any evidence to contest the testimony of the Debtors.

Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(a) and (b). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

Factual and Procedural Background

In 2011, Banco Bilbao Vizcaya Argentaria Puerto Rico ("BBVA") filed a Complaint against the Debtors for collection of monies before the Puerto Rico Court of First Instance,

-1-

Superior Court of Vega Baja, Case No. CD2011-382 (the "PR Court of First Instance") BBVA's claims were comprised of personal and credit card loans. On February 15, 2012, the PR Court of First Instance entered a judgment against the Debtors.

BBVA transferred to Oriental Bank certain credits including the Plaintiffs' credit card and personal loans. On July 10, 2013, Oriental Bank transferred those credits and loans to PR Acquisitions, which subsequently assigned such claims to Operating Partners, a debt collector (Claims Register Nos. 1-1 and 2-1 and Lead Case No. 13-10908[1], Docket Nos. 30 and 32).

On December 30, 2013, the Plaintiffs filed their Chapter 13 bankruptcy petition. (Lead Case Docket No. 1). On January 3, 2014, PR Acquisitions and Operating Partners filed Proof of Claims Nos. 1-1 and 2-1. PR Acquisitions and Operating Partners were included in the Creditor Matrix List on January 27, 2014. (Lead Case Docket No. 12, p. 51-52). PR Acquisitions acknowledges that it was duly notified and knew of the filing of the bankruptcy petition (Adv. Proc., Docket No. 25-1, p. 2, ¶ 8).

On January 16, 2014, Operating Partners, as agent of PR Acquisitions, filed a motion to stay proceedings at the Puerto Rico Court of First Instance in light of the bankruptcy petition filed by the Plaintiffs. (Docket No. 25-2, p.1 ¶¶ 1-2). In that same motion, Operating Partners' attorneys, Rodriguez Carde Law Offices, P.S.C. through Attorney Yarymar Gonzalez Carrasquillo, also sought leave to withdraw as legal counsel upon their client's request. (Docket No. 25-2 p 1, ¶ 4). On January 17, 2014, the Debtors also filed a motion to stay the proceedings before the PR Court of First Instance given the filing of their bankruptcy petition (Docket No. 25-3).

On January 22, 2014, the PR Court of First Instance issued an Order granting the Motion to stay proceedings filed by Plaintiffs in the instant case (Docket No. 25-4).

On February 11, 2014, Operating Partners as agent of PR Acquisitions, filed before the PR Court of First Instance the following motions: (1) *Motion to request Substitution of Plaintiff* informing it had become the agent of PR Acquisitions to pursue that action; and (2) *Motion*

---

[1] References to the lead case are to the entries and documents filed in the bankruptcy case number 13-10908 (ESL).

*Soliciting Order for Execution* of the judgment previously entered in the case (Docket Nos. 16-1 and 16-2).

On June 23, 2014, the Debtors filed a *Complaint* against Operating Partners that initiated the instant adversary proceeding (Docket No. 1) and on August 13, 2014, Operating Partners filed its Answer to Complaint (Docket No. 6).

The Court notes that on July 11, 2014, Midland Funding LLC (hereinafter referred to as "Midland") filed two (2) transfer of claim agreements whereby the claims in controversy were transferred to said entity (Lead Case Docket Nos. 30 and 32).

On October 9 2014, the Plaintiffs moved for Partial Summary Judgment for the court to determine that Operating Partners violated: (a) the automatic stay in U.S.C. § 362(a)(1) and (6); (b) 15 U.S.C §1692f(1) for attempting to collect amounts not permitted by law using unconscionable methods; (c) 15 U.S.C. §1692(e)(2) and (10) by falsely representing the character amount or legal status of the debt and using false representation or deceptive means to collect or attempt to collect a debt; and (d) U.S.C. § 1692d by using conduct which has the consequence of harassing, oppressing or abusing the consumer since no judgment can be executed while on the protection of the automatic stay. They claimed actual and punitive damages and attorneys' fees. On November 7, 2014, the Defendant filed an Opposition for Summary Judgment (Docket Nos. 25, 27 and 28).

On April 6, 2015, the court entered an Opinion and Order partially granting Plaintiffs' Motion for Partial Summary Judgment (Docket No. 15) and determined the Defendant's liability for the willful violation of the automatic stay under 11 U.S.C. 362(a)(1) and (6). The court denied Plaintiffs' request to determine Defendant's liability for punitive damages and damages under FDCPA. (Docket No. 31). The Court makes reference to and incorporates the same to this opinion and order.

On April 13, 2015, Plaintiffs filed a Motion for Reconsideration as to the Court's determination on punitive damages (Docket No. 37) which was denied (Docket No. 38).

On December 1, 2015, Defendant Operating Partner informed the Court that Midland Credit Management Puerto Rico LLC (Midland) had become successor of Defendant, as to all its liabilities and obligations and, therefore, requesting the substitution of the parties (Docket No. 43).

On December 2, 2015, Plaintiffs filed an *Opposition to Defendant's Motion Requesting Substitution of Defendant and Request for Order to Produce Document* stating that Defendant had not produced any evidence as to the transfer, and that the substitution affected Plaintiffs by excusing Defendant from the liability imposed through the court's prior judgment. Plaintiffs, instead, requested that Operating Partners produce the agreement evidencing transfer of interest and to order the joinder of Midland pursuant to Fed. R. Civ. P. 25 (Docket No. 44).

On January 28, 2016, before the commencement of the evidentiary hearing, the joinder of Midland as Co-Defendant was authorized, based on the motions filed by the parties and the averments of Defendants' counsel, who stated that Midland Management Puerto Rico, LLC had acquired Operating Partners' liabilities and obligations (Docket No. 52).

Having determined that the Defendants are legally liable for having violated the automatic stay provisions, the only pending issue is the determination of the extent and amount of damages.

Damages for Violation of the Automatic Stay

Section 362 provides that an individual injured by any violation of the automatic stay shall recover actual damages, including costs and attorneys' fees. 11 U.S.C. §362(k). The award of damages is mandatory after the Court finds that there is a violation of the automatic stay. In re Vazquez Laboy, 647 F.3d 367 (1st Cir. 2011) Actual damages should be awarded upon the presentation of concrete evidence to support the request. Damages may not be supported on speculation and conjecture. In Re Kaneb, 196 F.3d 265 (1st Cir. 1999) The amount of damages must be shown with reasonable certainty. In Re Heghmann, 316 B.R. 395 (B.A.P. 1st Cir. 2004).

The award of attorney's fees in a fee-shifting statute, such as section 362(k), is generally based on the loadstar method, as the same does not specifically dictate the method for calculating

the attorney's fees. In Re Torres Lopez 405 B.R. 24 (B.A.P 1st Cir. 2009). An explanation of the calculation of attorney's fees must be "concise and clear". In Re Torres Lopez 405 B.R. 30; citing Torres-Rivera v. O'Neill Cancel, 524 F.3d 331,337 (1st Cir. 2008).

The award of actual damages for violation of the automatic stay includes emotional distress when the same is apparent from the particular circumstances involving the stay violation In Re Kaneb 196 F.3d (1st Cir. 1999). The totality of the circumstances is a case specific concept.

Evidentiary Hearing

Mr. Daniel Román testified under oath. He stated that, when he filed for bankruptcy, he understood he had taken his financial problems "off his shoulders". However, after the bankruptcy had been filed, he received letters from Operating Partners and the PR Court of First Instance of Vega Baja. He declared feeling desperate, useless and disappointed, considering that the letters were an attempt to "take away" his home, where he had lived for fourteen (14) years. He also stated that he was disappointed with the bankruptcy proceedings and that the situation triggered arguments with his wife and daughters. He, additionally, declared that he was restless and lost his appetite. Mr. Román feared going to the mailbox, expecting more letters. He indicated that he started drinking more, when he hardly drank before the present situation. Out of desperation, he visited a psychologist who, as per his testimony, diagnosed him with depression due to stress. At cross examination, Mr. Román could not account for how many letters he had received, and no letters were provided as evidence. Although he testified that the letters arrived almost weekly. He also stated he could not identify the name of the psychologist he visited or the telephone of the office, but that the office was in front of Hermanos Melendez Hospital in Bayamón. He also declared he had visited the psychologist on "Monday or Tuesday" of the week prior to the evidentiary hearing, and that he obtained an appointment for a future visit. He did not testify about the costs of the visit and no evidence in regards to the diagnosis was provided.

Mrs. Cynthia Gonzalez was called as a hostile witness by Defendants and testified under oath. Mrs. Gonzalez declared that she did not visit a psychologist but that she was concerned,

worried and frustrated because the collection letters kept arriving. She felt threatened to lose her home and stated that her daughters were affected in school. However, no evidence as to the academic or social performance of the daughters was submitted. Mrs. Gonzalez remembers that the letters received were from the PR Court of First Instance of Vega Baja.

None of the witnesses remembered receiving the Motion filed by Operating Partners requesting the stay of the proceedings in the PR Court of First Instance of Vega Baja, which was filed on February 11, 2014.

After considering the Debtors testimonies before the court, the court awards $500.00 for emotional damages. The Court is unable to award actual costs for Plaintiff's visit to the psychologist, considering that no evidence stated the actual expense.

Furthermore, attorney for Plaintiffs filed an application for compensation for $9,478.05 for attorneys' fees and expenses which are, hereby, granted. (Docket No. 55).

Conclusion

After considering the evidence presented at the hearing held on January 28, 2016, the court awards $500.00 for emotional damages, and $9,478.05 for attorneys' fees. The total damages awarded in favor of Plaintiffs and against Defendants is $9,978.05.

Judgment will be entered accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this 9th day of February, 2018.

Enrique S. Lamoutte
United States Bankruptcy Judge

-6-